IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARRELL LAW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 18-818 (MN) |
| | ) |
| DANA METZGER, Warden and | ) |
| ATTORNEY GENERAL OF THE STATE | ) |
| OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM

### I. INTRODUCTION

Petitioner Darrell Law ("Petitioner"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed a Petition for a Writ of Habeas Corpus 28 U.S.C. § 2254. He also filed two other civil cases pending before the Court, both of which were filed pursuant to 42 U.S.C. § 1983. Petitioner filed a Motion to Disqualify Judge (D.I. 13) in the instant case, as well as in the two § 1983 cases. Petitioner moves for the Court's recusal under 28 U.S.C. § 455 and § 144. (D.I. 13) He has submitted an Affidavit (D.I. 14) to support his Motion to Disqualify Judge under § 144.

### II. DISCUSSION

Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." Petitioner submitted a three-paragraph Affidavit (D.I. 14) in Support of his Motion. In the Affidavit, Petitioner states that he "believes" the Court is "intolerant and uninterested in his judiciary matters because he is incarcerated" and a "*pro se* litigant." (*Id.* at 1).

Petitioner believes this is so because he has a total of three civil matters pending before the Court. (*Id*.). He states that the Court is "only interested in matters of litigation involving big business and corporation." (*Id*.).

As a threshold matter, it is the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of the affidavit. *See United States v. Townsend*, 478 F.2d 1072, 1073 (3d Cir. 1973) (stating that the mere filing of an affidavit "does not automatically disqualify a judge"). The United States Court of Appeals for the Third Circuit has held that the challenged judge must determine only the sufficiency of the affidavit, not the truth of the assertions. *See Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976). An affidavit is legally sufficient if the facts alleged therein: (1) are "material" and "stated with particularity," (2) "would convince a reasonable person that a bias exists," and (3) evince bias that "is personal, as opposed to judicial, in nature." *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).

Here, it is evident that Petitioner's allegations of bias consist of subjective conclusions and disagreements with this Court's legal rulings in the other cases wherein Petitioner is a party and because the Court has not reviewed his cases as quickly as he would like. *See Jones v. Pittsburgh Nat'l Corp*., 899 F.2d 1350, 1356 (3d Cir.1990) (holding that, to be legally sufficient, an affidavit must contain more than mere conclusory allegations). Petitioner filed the Motion to Disqualify Judge in the instant case after his *in forma pauperis* status was revoked in one of his § 1983 cases, *Law v. MaCauley et. al.*, C.A. 18-1692 (MN), when the Court discovered that he had "three strikes." It is evident that he is unhappy with the ruling. The Third Circuit has "repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc*., 224 F.3d 273, 278 (3d Cir. 2000). Here, Petitioner has not met the requirements of § 144, and his motion for recusal under 28 U.S.C. § 144 will be denied.

Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party." *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse herself "[w]here [s]he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Id.* at 555–56.

Again, it is evident in reading Petitioner's Motion that he takes exception to this Court's recent rulings in an entirely different case and that he is displeased because he believes his cases are not being ruled upon quickly enough. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice by the undersigned. Nor do the Court's rulings demonstrate that it acted in any such manner when ruling in cases wherein Petitioner is a party. Nor has the Court delayed in ruling on Petitioner's cases for any

reason. Indeed, with respect to the instant case, Petitioner just filed a Supplemental Memorandum in Support of his Habeas Petition (D.I. 12) in April 2019.

After careful and deliberate consideration, the Court concludes that it has no actual bias or prejudice towards Petitioner and that a reasonable, well-informed observer would not question the Court's impartiality. In light of the foregoing standard, and after considering Petitioner's assertions, the Court concludes that there are no grounds for its recusal under 28 U.S.C. § 455.

## III. CONCLUSION

For the above reasons, the Court will deny the Motion to Disqualify Judge. (D.I. 13) An appropriate Order will be entered.

June 10, 2019

The Honorable Maryellen Noreika
United States District Judge